THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANCESCO GELORMINI**, *Plaintiff,* v. **CITY OF PHILADELPHIA,** *Defendant.* | Case No. 2:23-cv-04006-JDW |

## MEMORANDUM

Francesco Gelormini finds himself in his own Catch-22, but it's one partly of his own making. He bought a house as a rental property, and he rented it to a tenant. But he got out ahead of his skis; he rented it before he applied for (and therefore before he got) a rental license. Now, his tenant has stopped paying, and he has fallen behind on his property taxes. Because he's behind on his taxes, he can't get a rental license. And because he can't get a rental license, he can't seek to evict the tenant and start earning income to pay the back taxes. In an effort to break out of this bureaucratic purgatory, Mr. Gelormini sued the City of Philadelphia, claiming that it is violating his due process rights by denying him a rental license. He hasn't pled a plausible claim for violation of the Fifth or Fourteenth Amendment, though, so I must dismiss his claims.

I.   **BACKGROUND**

   A.   **Factual Background**

Mr. Gelormini owns a residential property located at 2928 Frankford Avenue in Philadelphia. Under the City's municipal code, a landlord cannot rent out a property without first obtaining a rental license. *See* Phila. Code § 9-3902(1). Mr. Gelormini did not apply for or secure such a license, but he did rent his property to a tenant. That tenant has since stopped paying his rent. Because Mr. Gelormini rented out the property without a rental license, he cannot sue to collect rent or evict his tenant. He has since fallen into arrears on property taxes due to the City.

At some point—apparently after the tenant stopped paying rent and Mr. Gelormini failed to pay property taxes—Mr. Gelormini submitted applications for a rental license, but the City denied those applications. The City did not provide reasons for its rejections, nor is there an avenue for appeal of the decision. Mr. Gelormini believes that he was denied the license because of his outstanding property taxes, but he doesn't indicate the basis for this belief.

   B.   **Procedural History**

Mr. Gelormini sued the City in Municipal Court in July 2023, alleging that the City's refusal to provide a rental license rendered it responsible for unpaid rent from his tenant. The Municipal Court entered a money judgment in Mr. Gelormini's favor. In August 2023, the City appealed the Municipal Court judgment to the Court of Common Pleas. In a

revised civil complaint, Mr. Gelormini asserted claims under the Fifth and Fourteenth Amendments to the United States Constitution, seeking injunctive relief and money damages. The City removed the case, invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1441(a).

Following removal, Mr. Gelormini amended his Complaint twice. He now asserts claims for violations of his right to procedural and substantive due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and unspecified provisions of the Constitution of the Commonwealth of Pennsylvania. He has disclaimed an argument under the Fifth Amendment's Takings Clause. Still, in the operative Complaint, he alleges that the City deprived him of the use of his property through a regulatory taking. On December 22, 2023, the City moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Mr. Gelormini has not stated a claim for a violation of the Constitution and that he has no basis to hold the City liable for any such violation. The Motion is ripe.

## II. LEGAL STANDARD

A district court may dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "[r]ules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). Under that standard, the Court must determine whether the Complaint contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *See id.*

In making its determination, the Court must "draw on its judicial experience and common sense." *Id. First*, the Court must identify the elements needed to set forth a particular claim. *Id.* at 787. *Second*, the Court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id. Third*, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790.

## III.   ANALYSIS

### A.   Constitutional Violation

#### 1.   Due process

The Fourteenth Amendment's Due Process Clause includes both procedural and substantive components. *See Planned Parenthood of S.E. Pa. v. Casey*, 505 U.S. 833, 846-47 (1992). Mr. Gelormini asserts both but has not pled plausible claims for a violation of either theory.[1]

---

[1] The City makes arguments about a takings claim, but Mr. Gelormini hasn't pled a takings claim, so I won't reach that.

4

### a.  Substantive due process

Substantive due process claims can challenge both legislative and non-legislative state action. *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000). "To prevail on a non-legislative substantive due process claim, a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Id.* The concept of substantive due process does not protect all property interests to which procedural due process protections apply. *See id.* Instead, it only protects a "*particular quality* of property interest." *Id.* (emphasis in *Nicholas*; internal quote omitted). Generally, the Third Circuit limits such claims to cases involving real property ownership. *See id.* And even that scope is limited to the actual ownership interest, not to interests that might affect the value or utility of the property, such as the right to water and sewer service. *See Ransom v. Marrazzo*, 848 F.2d 398, 411-12 (3d Cir. 1988).

Mr. Gelormini alleges that the City has taken some action that affects his property interest in the property at issue. But nothing in his Complaint alleges that the City has deprived him of his ownership interest. At most, the City's refusal to issue a rental license has deprived him of an economic use of the property. Mr. Gelormini still owns the property, as reflected on the City's publicly-available property records.[2]

---

[2] *See* https://property.phila.gov/?p=252482205 (last visited Apr. 15, 2024). Even though I'm ruling on a motion to dismiss, I can take judicial notice of the City's publicly-available

In his brief, Mr. Gelormini argues about his property interest in a rental license. Two problems arise. *First*, Mr. Gelormini makes no allegation about a property interest in a rental license in the Second Amended Complaint. A plaintiff may not use an opposition brief to amend his Complaint. *See Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). *Second*, even if I were to reach the arguments about the rental license, they don't state a claim for deprivation of a fundamental right. There's a difference between ownership of real property and a license to put it to use in a certain way (such as a rental property). The right to obtain a license to use the property as a rental property is not a fundamental right and therefore cannot support a substantive due process claim.

      **b.**      **Procedural due process**

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (internal quotations omitted). Mr. Gelormini fails at the first step.

As I explained with respect to the substantive due process claim, the City has not deprived Mr. Gelormini of his ownership interest in his property, which is the only property

---

records because they are public records and their accuracy is not reasonably subject to question. *See Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 413 (3d Cir. 1999).

interest that he alleges in the Second Amended Complaint. And he can't use his opposition brief to amend the complaint and introduce claims about the deprivation of a rental license. Again, though, if I were to reach the claim, it would fail.

The Constitution doesn't create property interests; existing rules and understandings that stem from an independent source such as state law do. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 539 (1985). That is, an independent source such as state law must create a "legitimate claim of entitlement" to the claimed property. *Midnight Sessions, Ltd. v. City of Phila.*, 945 F.2d 667, 679 (3d Cir. 1991), *abrogated by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.*, 316 F.3d 392 (3d Cir. 2003). Mr. Gelormini has not pointed me to anything in Pennsylvania law (including the Philadelphia Code) that would give him a legitimate claim of entitlement to, or a protected interest in, a rental license. *See id.* at 680; *see also Selvaggi v. Borough of Point Pleasant Beach*, No. CV 22-00708 (FLW), 2022 WL 1664623, at * 14 (D.N.J. May 25, 2022); *Marin v. McClincy*, 15 F. Supp.3d 602, 612 (W.D. Pa. 2014). Therefore, Mr. Gelormini cannot prevail on his procedural due process claim, either.

### B. Policy Or Custom

Local governments can be liable as "persons" under 42 U.S.C. § 1983, but the liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quote omitted). To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged

7

constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). A municipality "can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell*, 436 U.S. 658). The plaintiff "must identify [the] custom or policy, and specify exactly what that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). To survive beyond the pleading stage, a plaintiff must allege that the complained-of misconduct can be linked to a municipal decisionmaker. *See id.* at 658-59.

Municipal action constitutes a "policy" under *Monell* when "a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Mulholland v. Gov't Cnty. Of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013) (quotations and citation omitted; alteration in original). Such action amounts to a custom when "though not authorized by law, such practices of state officials [are] so permanent and well-settled as to virtually constitute law." *Id.*

Mr. Gelormini has pled an official policy: the City's policy of "not issuing renter's licenses to individuals who owe property taxes." (ECF No. 7 at ¶ 11.) He has not, however, provided sufficient factual assertions that some municipal decisionmaker promulgated the policy. He claims only that the City, "by and through its agents, servants and/or employees, made the decision to deny [him] the required license." (*Id.* at ¶ 31.) But even

at the pleading stage, "a formulaic recitation of the elements of a cause of action will not do." *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mr. Gelormini's complaint alleges misconduct by City employees generally, but without a link between the challenged policy and a municipal decisionmaker, I don't find imposing municipal liability warranted. *See McTernan*, 564 F.3d at 659.

### C. Pennsylvania Constitution

Mr. Gelormini has not asserted a claim for violation of the Pennsylvania Constitution. He claims otherwise in his Opposition, but he doesn't point me to anything in the Second Amended Complaint that makes such a claim, probably because it's not there. In any event, if the only issue in this case were a request for a declaratory judgment that the City has violated the Pennsylvania Constitution, I'd have to give careful consideration to declining to exercise jurisdiction over such a claim.

## IV. CONCLUSION

Mr. Gelormini hasn't pled plausible claims for procedural or substantive due process, which are the only claims that he asserts in the Second Amended Complaint. I will therefore grant the City's motion and dismiss the complaint. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

April 16, 2024                                          Joshua D. Wolson, Judge

9